THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JOSÉ MIGUEL CARMONA RODRÍGUEZ, Defendant and Appellant.

No. CR-64-3.        Decided May 27, 1964.

*Antonio Montalvo Nazario,* counsel designated by the Supreme
Court to give legal aid to defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera,
Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief
Judge of Division, Mr. Justice Rigau, and Mr. Justice
Dávila.

PER CURIAM: Appellant was accused of arson in the first
degree (felony). The trial was held on June 19, 1963 in a
court without a jury after defendant had waived trial by
jury. He was found guilty of arson in the second degree and
sentenced to serve from 4 to 8 years in the penitentiary.

On appeal appellant assigns the commission of error in

permitting the waiver to the trial by jury because it was not made intelligently.

The error lacks merit. At the commencement of the trial defendant's counsel announced to the court that he was "prepared to start the hearing of the case" and later said counselor stated: "Very respectfully we announce to the court that we are going to waive the constitutional right of trial by jury." Then the presiding judge asked defendant whether he waived the trial by jury, and the latter answered affirmatively. The judge again asked whether said waiver was made voluntarily, and defendant answered personally: "Yes, sir, voluntarily."

■ ■ The trial of this case was held prior to the effectiveness of the Rules of Criminal Procedure.[1] At that time we had already decided that an attorney could waive the trial by jury in appellant's name and his action was valid even if the waiver was not made personally by defendant. *People* v. *Figueroa*, 77 P.R.R. 175 (1954). Although in the present case defendant waived the trial by jury personally and voluntarily, the waiver made by his counselor would have been sufficient if it is considered it was intelligently made if, as assumed by appellant, said requirement was necessary. As correctly stated by the Solicitor General, there is nothing in the record to suggest any error that may vitiate the waiver made by defendant and his counselor, or that such waiver may have prejudiced appellant's rights.

■ As a second and last error it is assigned that judgment was rendered without evidence of the corpus delicti. The error was not committed. It suffices to copy herein, because we consider it correct, the following argument of the Solicitor General in relation to said contention:

---

[1] The Rules of Criminal Procedure in force since July 30, 1963 require that the waiver to trial by jury be made by defendant "expressly and personally." Rule 111.

"There was uncontroverted evidence that on May 4, 1963 defendant-appellant went to the business premises of the prejudiced party and had a quarrel with a customer. (Tr. Ev. 4–5.) The prejudiced party intervened and defendant-appellant told him that 'he would settle it at night.' (Tr. Ev. 7 and 20.) On the same date defendant-appellant told witness Ismael Ortiz Cales about the quarrel in the business premises of the prejudiced party and asked him to purchase a gallon of gasoline. Ortiz Cales bought the gasoline and upon asking defendant-appellant what he wanted it for, the latter answered: 'I have a desire to attack with a machete one of those who assaulted me or set fire to Serafin's store.' (Tr. Ev. 12.) After the business was closed on the night of May 4, the prejudiced party saw a glare and heard an explosion, and the business premises were set on fire and he saw defendant running, barefooted, towards his house. (Tr. Ev. 21–23.)

"The investigation of the authorities revealed that defendant-appellant showed a fresh wound in the left foot and there appeared 'blood spots from his house (defendant's) toward mine' (prejudiced party's). (Tr. Ev. 25, 26, 41 and 42.) At the site of the fire a 'scorched' plastic container was seized which smelled of gasoline. (Tr. Ev. 27, 39 and 40.)

"As to the bleeding wound defendant stated to the police that he had caused it with a 'gem' when he lay down. (Tr. Ev. 25.)

"Witness Ortiz Cales who testified that he bought a gallon of gasoline at defendant-appellant's request on the afternoon of the day of the facts, stated that the latter had accused him as the perpetrator of the fire. (Tr. Ev. 13.)

"As we can see, it clearly appears from the evidence for the prosecution that arson was perpetrated in the business premises of the prejudiced party and that the same was caused by a criminal hand using a fuel (gasoline) for said purpose. Said evidence established the *corpus delicti* in the case. Furthermore the same evidence amply connected defendant-appellant with the commission of the facts. The fact of the flight immediately after the fire started, together with other circumstances such as the quarrel a few hours before in the same place of the fire, the threats uttered to the owner of the business premise set on fire, the purchase of the gasoline, the traces of blood from

the place of the fire to his home, and the unreasonableness of his explanations about the events, were sufficient evidence against defendant-appellant to connect him with the facts. *People* v. *López,* 77 P.R.R. 573, 580–581 (1954); *People* v. *Goitía,* 41 P.R.R. 929 (1931); *People* v. *González,* 57 P.R.R. 729, 740 (1940)." (Report of the Solicitor General, pp. 4, 5.)

The judgment appealed from will be affirmed.